**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DANILO MERA*,*
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiff,

        v.

MILOS HY, INC.
        d/b/a/ MILOS,
MILOS, INC.
        d/b/a/ ESTIATORIO MILOS,
CONSTANTINOS SPILIADIS,
GEORGE SPILIADIS,
COSTAS SPILIADIS,
EVRIDIKI SPILIADIS,
DAVID DANGOOR,
and IOANNA SOURIAS

        Defendants.

---

Case No.:

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

Jury Trial Demanded

Plaintiff, DANILO MERA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, files this Class and Collective Action Complaint against MILOS HY, INC. d/b/a MILOS, MILOS, INC. d/b/a ESTIATORIO

1

MILOS, (the "Corporate Defendants"), CONSTANTINOS SPILIADIS, GEORGE SPILIADIS, COSTAS SPILIADIS, EVRIDIKI SPILIADIS, DAVID DANGOOR, and IOANNA SOURIAS (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit and invalid meal credit, (2) unpaid wages due to a policy of time-shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiffs and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid wages due to a policy of time-shaving, (3) improper meal credit deductions due to invalid tip credit, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3. Plaintiff DANILO MERA further alleges, pursuant to New York State Human Rights Law, New York Executive Law §296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), that he was deprived of his statutory rights as a result of Defendants' discriminatory employment practices and seeks to recover (1) economic damages, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff is a resident of Essex County, New Jersey pursuant to 28 U.S.C. §1391.

7. Defendants owned and operated a chain of two (2) restaurants in New York City under the common trade name "Estiatorio Milos" with addresses as follows:

(a) 20 Hudson Yards, Fifth Floor, 500 West 33rd Street, New York, NY 10001 ("Estiatorio Milos"); and

(b) 125 West 55th Street, New York, NY 10019 ("Estiatorio Milos").

(collectively, "Milos Restaurants").

8. Defendants operate Milos Restaurants as a single integrated enterprise. Specifically, Milos Restaurants are engaged in related activities, share common ownership and have a common business purpose. Milos Restaurants are engaged in the same business of operating Greek restaurants in New York City. Milos Restaurants are commonly owned and operated by Individual Defendants. Milos Restaurants share a common trade name and logo, share a common décor and appearance, and serve similar menu items. Milos Restaurants maintain centralized labor relations and human resources, and implement the same wage and hour policies and procedures established by Defendants.

9. Corporate Defendant MILOS HY, INC. d/b/a MILOS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 20 Hudson Yards a/k/a 500 West 33rd Street, Unit 508-605 New York, NY 10001, and an address for service of process located at DAVIS & GILBERT LLP, 1740 Broadway New York, New York 10019.

10. Corporate Defendant MILOS, INC. d/b/a ESTIATORIO MILOS is a domestic business corporation  organized under the laws of the State of New York, with a principal place of business at 125 West 55th Street New York, NY 10019, an address for service of process at EDWARD MORRISON, 54 Weaver Road Elizaville, New York 12523 and a chief executive officer COSTAS SPILIADIS at 125 West 55th Street New York, New York 10019.

11. Individual Defendant COSTAS SPILIADIS is an owner and principal of Corporate Defendant MILOS, INC. d/b/a ESTIATORIO MILOS. COSTAS SPILIADIS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. COSTAS SPILIADIS exercised functional control over the business and financial operations of Corporate Defendant MILOS, INC. d/b/a ESTIATORIO MILOS. COSTAS SPILIADIS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

12. Individual Defendant DAVID DANGOOR is an owner and principal of Corporate Defendant MILOS, INC. d/b/a ESTIATORIO MILOS. DAVID DANGOOR exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. DAVID DANGOOR exercised functional

control over the business and financial operations of Corporate Defendant MILOS, INC. d/b/a ESTIATORIO MILOS. DAVID DANGOOR had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

13. Individual Defendant IOANNA SOURIAS is an owner and principal of Corporate Defendant MILOS, INC. d/b/a ESTIATORIO MILOS. IOANNA SOURIAS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. IOANNA SOURIAS exercised functional control over the business and financial operations of Corporate Defendant MILOS, INC. d/b/a ESTIATORIO MILOS. IOANNA SOURIAS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

14. Individual Defendant CONSTANTINO SPILIADIS is an owner and principal of Corporate Defendant MILOS HY, INC. d/b/a MILOS. CONSTANTINO SPILIADIS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. CONSTANTINO SPILIADIS exercised functional control over the business and financial operations of the Corporate Defendant MILOS HY, INC. d/b/a MILOS. CONSTANTINO SPILIADIS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

15. Individual Defendant GEORGE SPILIADIS is an owner and principal of Corporate Defendant MILOS HY, INC. d/b/a MILOS. GEORGE SPILIADIS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA

Collective Plaintiffs and the Class. GEORGE SPILIADIS exercised functional control over the business and financial operations of the Corporate Defendant MILOS HY, INC. d/b/a MILOS. GEORGE SPILIADIS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

16. Individual Defendant EVRIDIKI SPILIADIS is an owner and principal of Corporate Defendant MILOS HY, INC. d/b/a MILOS and Corporate Defendant MILOS, INC. d/b/a ESTIATORIO MILOS. EVRIDIKI SPILIADIS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. EVRIDIKI SPILIADIS exercised functional control over the business and financial operations of the Corporate Defendants. EVRIDIKI SPILIADIS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

17. (i) Each Individual Defendant, CONSTANTINOS SPILIADIS, GEORGE SPILIADIS, COSTAS SPILIADIS, EVRIDIKI SPILIADIS, DAVID DANGOOR, and IOANNA SOURIAS, is a principal and executive officer of Corporate Defendants and has operational control of Milos Restaurants. Each Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class members at Milos Restaurants. Each Individual Defendant has authority over all

employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class members.

(ii)   Each Individual Defendant, CONSTANTINOS SPILIADIS, GEORGE SPILIADIS, COSTAS SPILIADIS, EVRIDIKI SPILIADIS, DAVID DANGOOR, and IOANNA SOURIAS, additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class members at Milos Restaurants. Each Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Milos Restaurants are operating efficiently and profitably.

18.   At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

19.   At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.   Plaintiff brings claims for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, cooks, food preparers, dishwashers, porters, bussers, food runners, bartenders, barbacks and waiters) employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

21.   At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and

have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper overtime wages for all hours worked over 40, failure to pay for all hours worked due to time-shaving, and taking improper meal credits. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

22. Further, with respect to employees who were employed in tipped positions (including, but not limited to, waiters, bussers, bartenders, barbacks and food runners) (the "Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA, or to compensate FLSA Collective Plaintiffs at sub-minimum wage base hourly rates, because they failed to satisfy all statutory requirements for taking a tip credit.

23. Because Defendants' claimed tip credits are  invalid, the regular minimum wage rate applies—and has applied—to the Tipped Subclass However, Defendants have been paying the Tipped Subclass  far below the minimum legally allowable rate.

24. Defendants have no valid basis to pay their employees less than the applicable minimum wage rates. Defendants' only possible justification for paying sub-minimum wage rates to the Tipped Subclass would be the use of a valid tip credit, but Defendant cannot legally claim a tip credit because it has not met the requirements to do so.

25. Defendants required the Tipped Subclass to participate in an improper tip pooling scheme, even though they did not consent to such scheme.

26. Furthermore, Defendants engaged in a policy and practice of unlawfully

retaining tips earned by the Tipped Subclass.

27. Plaintiff DANILO MERA is a member of the FLSA Collective.

28. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

29. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Members").

30. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

31. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the

calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

32. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay proper wages, (failing to pay overtime premium for hours worked in excess of forty (40) in a workweek, failing to pay wages due to time-shaving, and failing to provide Class members with notice of wage rate upon hiring and proper wage statements with every payment of wages, per requirements of the New York Labor Law (NYLL)

33. Further, Defendants failed to pay Tipped Subclass members the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff DANILO MERA and the other members of the Tipped Subclass suffered from Defendants' invalid tip credit allowance. Defendants failed to provide notice that a tip credit was being taken against tipped employees' wages, claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties exceeding two (2) hours or twenty percent (20%) of the total hours worked each workweek, failed to provide proper wage statements clearly indicating tip credit allowance for each payment period or the proper rate of overtime compensation, maintained an improper tip pool, misappropriated tips, failed to accurately keep track of daily tips employees earned, failed to maintain records thereof, and impermissibly recorded remaining tips after Defendants misappropriated employee tips.

34. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and who have previously represented Plaintiffs in wage and hour cases.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries, and damages suffered by each individual Class members are small, in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress their wrongs. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications with respect to individual Class members, establishing incompatible standards of conduct for Defendant, resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court

can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36. Defendants violated the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their current employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

37. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay the Class; At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

c) Whether Defendants properly notified Plaintiff and the Class of their hourly wage rate;

d) Whether Defendants properly provided notice to all tipped employees in their native language that Defendants were taking a tip credit;

e)  Whether Defendants provided proper wage statements containing all require notices to  non-exempt employees under the NYLL; New York Labor Law;

f)  Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all non-exempt employees in their native language per requirements of the NYLL;

g)  Whether Defendants caused tipped employees to engage in non-tipped duties exceeding two (2) hours or twenty percent (20%) of each workday;

h)  Whether Defendants paid Plaintiff and Class members the proper tip credit minimum wage rate, assuming a tip credit was validly claimed by Defendants;

i)  Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked; and

j)  Whether Defendants paid Plaintiff and Class members proper overtime compensation.

## STATEMENT OF FACTS

38. Plaintiff DANILO MERA worked at the restaurant "Estiatorio Milos", located at 20 Hudson Yards, New York, NY 10001, as a busser from in or around February 2019 until in or around June 2019.

39. From the beginning of his employment with Defendants until in or around May 2019, Plaintiff DANILO MERA regularly worked sixty (60) hours per week: twelve (12) hours per day, from 11:00 a.m. to 11:00 p.m. for six (6) days per week. From in or around

May 2019 until the end of his employment, Plaintiff regularly worked fifty-six (56) hours per week: working twelve (12) hours on Mondays, Tuesdays, Fridays, and Saturdays, from 11:00 a.m. to 11:00 p.m., and working eight (8) hours on Thursdays, from 4:00 p.m. to 12:00 a.m.

40. Plaintiff DANILO MERA was paid at an hourly rate of $10.00 from the beginning until the end of his employment. Tipped Subclass members were paid similar rates below the statutory minimum wage.

41. In addition to performing tipped duties, Plaintiff DANILO MERA performed substantial non-tipped activities including, but not limited to, cleaning the restaurant and restocking ingredients. Plaintiff would spend well in excess of twenty (20) percent of his workday performing non-tipped activities. Based on Plaintiff's direct observations and conversations with other employees, Tipped Subclass members similarly spent at least twenty (20) percent of their workday performing non-tipped activities.

42. Defendants required Plaintiff DANILO MERA to participate in an illegal tip pooling scheme, which was instituted and mandated by Defendants without Plaintiff's consent. As part of this scheme, Plaintiff DANILO MERA received less than 50% of the amount of tips received by bartenders, despite performing substantially similar work. Additionally, Defendants impermissibly retained a percentage of Plaintiff's tips. As a result of Defendants' impermissible actions, the amount of tips Plaintiff received on a daily or weekly basis was often so low, that his wages plus tips were less than the statutory minimum wage  Therefore, even if the tip credit was otherwise valid, Defendants took an impermissibly excessive tip credit.

43. At all relevant times, Defendants paid Plaintiff DANILO MERA and other Tipped Subclass members at hourly rates below the standard minimum wage. Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips Defendants actually received, in violation of the FLSA; (iii) failed to inform Tipped Subclass members that all tips received by each Tipped Subclass member are to be retained by that Member, except pursuant to a valid tip pooling arrangement, in violation of the FLSA; (iv) failed to inform Tipped Subclass members that tip credit cannot  apply without Defendants providing notice of the foregoing tip credit,  in violation of the FLSA; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties exceeding twenty percent (20%) of the total hours worked each workweek, in violation of the FLSA and NYLL; (vi) failed to accurately track daily tips earned or maintain records thereof; (vii) failed to properly provide tip credit notice at hiring and annually thereafter, in violation of the NYLL, and (viii) failed to provide a proper wage statement with every payment of wages informing Plaintiffs and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

44. Defendants deducted a meal credit from the paychecks of Plaintiff, FLSA Collective Plaintiffs, and Class members.  However, Plaintiff was usually unable to take any meal break or eat any food while employed by Defendants. Plaintiff, FLSA Collective Plaintiffs, and Class members were regularly subject to an automatic deduction for lunch or dinner, although they did not eat such meals.

45.  Defendants unlawfully failed to pay Plaintiff, the FLSA Collective Plaintiffs, and Class members the Federal and State minimum wage for all hours worked. Furthermore, Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class members proper overtime for hours worked in excess of forty in a workweek.

46.  Plaintiff and Class members did not receive a wage notice in their native language informing them of their hourly pay rate at the time of hiring, or after each change in their pay rate, as required by NYLL. Plaintiff DANILO MERA and other Tipped Subclass members did not receive any notice in their native language that Defendants were deducting a tip credit from their wages.

47.  Defendants failed to provide Plaintiff and Class members wage statements with each paycheck, as required under the NYLL.

48.  Upon information and belief, Plaintiff was victim to disparate treatment in the workplace due to racist behavior at the hands of General Manager Stefan [LNU] and Managers Anastacios Tzimas and Slavo Ljub. General Manager [LNU] and Managers Tzimas and Ljub would frequently make comments such as "Hey Mexican, come here," "Hey Indian, come here," and "Hi Latino, how are you today." Plaintiff TENDILLA is Hispanic and was born in Mexico.  Therefore, Plaintiff is a member of a protected class.

49.  Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

50. Plaintiff realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

53. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

54. Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them for all hours worked due to time shaving.

55. Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them overtime wages in the lawful amount for hours worked in excess of forty per workweek.

56.  Defendants willfully violated Plaintiff DANILO MERA and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked.  Defendants were not entitled to take any tip credits under the FLSA, because they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit.

57. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs, and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs, should be in the possession and custody of the Defendants. Plaintiff

intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

58. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory minimum wage rate and overtime rate.

59. Defendants took an improper meal credit from Plaintiff and FLSA Collective Plaintiffs wages because Defendant effectively prevented meal breaks and provided insufficient meals.

60. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

61. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

62. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages plus an equal amount as liquidated damages.

63. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

64. Plaintiff realleges and reavers Paragraphs 1 through 63 of this class and collective action Complaint as if fully set forth herein.

65. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

66.  Defendants willfully violated Plaintiff and Class members' rights by failing to pay Plaintiff and Class members for all hours worked due to time shaving, and for failing to properly pay overtime, at a rate of time and a half, for hours worked in excess of forty hours per workweek

67. Defendants willfully violated Plaintiff DANILO MERA and Tipped Subclass members' rights by failing to pay minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the NYLL because they (i) failed to properly provide notice to all tipped employees in their native language that Defendants were taking a tip credit, in violation of the NYLL, (ii) failed to provide wage statements that listed the tip credit allowance claimed as part of the minimum wage, and (iii) caused tipped employees to engage in non-tipped duties exceeding two (2) hours or twenty percent (20%) of each workday, in violation of the NYLL.

68. Defendants knowingly and willfully operated their business with a policy of not providing wages statements as required under the NYLL.

69.  Defendants knowingly and willfully operated their business with a policy of failing to provide proper wage and hour notices, at the date of hiring and with each change of pay rate, to all non-exempt employees, per requirements of the NYLL.

## COUNT III

## <u>VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW</u>

### **(NEW YORK EXECUTIVE LAW § 296)**

70.   Plaintiff realleges and reavers Paragraphs 1 through 69 of this class and collective action Complaint as if fully set forth herein.

71.   Plaintiff DANILO MERA is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

72.   Defendants violated Plaintiff DANILO MERO's statutory protected rights under the NYSHRL, New York Executive Law §296, by discriminating against Plaintiff on the basis of his race, ethnicity, and/or national origin in violation of the NYCHRL, by subjecting him to an intentionally discriminatory policy as set forth above.

73.   Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

74.   As a result of Defendants' unlawful employment practice under the NYSHRL, Plaintiff DANILO MERO sustained injury, including economic damages, past and future emotional distress and the costs of bringing this action.

75.   Due to Defendants' violation under the NYSHRL, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices described herein; and (2) compensatory damages.

### COUNT IV

### **VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW**

### **(NEW YORK CITY ADMINISTRATIVE CODE § 8-107)**

76.    Plaintiff realleges and reavers Paragraphs 1 through 75 of this Class Action Complaint as if fully set forth herein.

77.  Defendants have had at all relevant times herein, at least four (4) persons in their employ. Plaintiff DANILO MERO is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

78.  Defendants violated Plaintiff's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by discriminating against Plaintiff on the basis of his race, ethnicity, and/or national origin in violation of the NYCHRL, by subjecting him to an intentionally discriminatory policy as set forth above.

79.  Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYCHRL.

80.  As a result of Defendants' unlawful employment practice under the NYCHRL, Plaintiff sustained injury, including economic damages, past and future emotional distress and the costs of bringing this action.

81.  Due to Defendants' violation under the NYCHRL, Plaintiff DANILO MERO is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices described herein; (2) back pay; (3) compensatory damages; (4) punitive damages; and (5) attorney's and expert fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with

them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.     An award of unpaid minimum wages due under the FLSA and the NYLL;

d.     An award of unpaid overtime due under the FLSA and the NYLL;

e.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime pursuant to 29 U.S.C. §216;

f.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime pursuant to the NYLL;

g.     An award of back pay accrued as a result of caused by Defendants' unlawful discriminatory practices under the NYSHRL and NYCHRL;

h.     An award of compensatory damages for physical and emotional suffering as a result of Defendants' unlawful discriminatory practices, under the NYSHRL and NYCHRL;

i.     An award of punitive damages for Defendants' unlawful discriminatory practices under the NYCHRL;

j.     An award of prejudgment and post judgment interest, costs, and expenses of this action, together with reasonable attorneys' fees, expert fees and statutory penalties;

k.     Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

l.     Designation of this action as a class action pursuant to F.R.C.P. 23;

m.     Designation of Plaintiff as a Representative of Class; and

n.      Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:

Respectfully submitted,

By:     */s/ C.K. Lee*
        C.K. Lee, Esq.

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        148 West 24th Street, Eighth Floor
        New York, NY 10011
        Tel.: 212-465-1180
        Fax: 212-465-1181
        *Attorneys for Plaintiff,*
        *FLSA Collective Plaintiffs, and the Class*
        C.K. Lee